Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                      Chapter 11
SCPD GRAMERCY 1 HOLDING LLC,                           Case No. 16-11885 (SHL)

                          Debtor.
------------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK    )
                                         ) ss.:
COUNTY OF NEW YORK  )

ARNOLD CARIASO, being duly sworn, deposes and says:

1. I am the "Authorized Signor" approved by the Manager and the Members of SCPD Gramercy 1 Holding LLC, the debtor and debtor-in-possession herein (the "Debtor"). I am familiar with the facts and circumstances as recited herein.

2. The Debtor is a New York limited liability company. The Debtor's sole asset is its 100% membership interest in SCPD Gramercy 1 LLC ("Gramercy Operating"). Gramercy Operating is the owner of certain real property located at 327 East 22nd Street, New York, New York, Block 928, Lot 5 (the "Property"). The Property consists of a 50' x 98.75' lot with a partially demolished building situated thereon. Pursuant to an appraisal prepared in April 2016, the Property has a fair market value of $16,700,000.00 as is.

3. On June 30, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this

Court and an Order for Relief was entered. The Debtor's case is a "single asset real estate" case pursuant to § 101(51B) of the Bankruptcy Code.

4. Simultaneously with the filing of the Debtor's chapter 11 petition, Gramercy Operating filed its own chapter 11 petition with this Court under Case No. 16-11886 (SHL).

5. The impetus for the Debtor's bankruptcy filing was the cessation of construction funding agreed to be provided to Gramercy Operating by Doral Bank and Aristone 22nd Street Lender LLC ("Aristone" and, together with Doral Bank, the "Lenders"). Specifically, Gramercy Operating has approved plans for the ground up construction of a seven story, ten unit, luxury, residential condominium building (the "Project"). In September 2014, Gramercy Operating entered into a $17,180,770.06 "building loan" and an $819,229.94 "project loan" with the Lenders. The amounts owed by Gramercy Operating to the Lenders is secured by, among other collateral, mortgage liens against the Property and the membership interests in Gramercy Operating which were pledged by the Debtor.

6. After construction on the Project had begun, Doral Bank failed and was taken over by the FDIC. As a result, the funds needed to complete the Project were not provided and construction ceased. Aristone, along with certain entities which had taken over Doral Bank's position (collectively, the "Secured Creditor"), demanded immediate payment under the loan documents. When Gramercy Operating could not make payment as demanded, the Secured Creditor attempted to enforce its rights with regard to the membership interests in Gramercy Operating and a sale thereof was noticed to be held on June 30, 2016. The Debtor sought protection under the Bankruptcy Code so as to stay the sale, as well as any other collection/enforcement efforts by the Secured Creditor, while Gramercy Operating attempts to negotiate with its creditors, to procure replacement financing and/or to otherwise reorganize its financial affairs.

7. Pursuant to LBR 1007(a)(3), no committee of creditors of the Debtor was formed prior to the Petition Date.

8. Pursuant to LBR 1007-2 (a)(4), a list containing the names and addresses of the entities believed to be the twenty largest unsecured creditors of the Debtor, excluding insiders, has been filed with the Court.

9. Pursuant to LBR 1007-2(a)(5), a list containing the names and addresses of the entities believed to be all of the Debtor's secured creditors have been listed in the Debtor's Schedule D which has been filed with the Court.

10. Pursuant to LBR 1007-2(a)(6), an approximate summary of the Debtor's assets and liabilities are set forth in the Debtor's Schedules A/B, D, and E/F which have been filed with the Court.

11. Pursuant to LBR 1007-2(a)(7), the issued and outstanding interests in the Debtor are all privately held.

12. Pursuant to LBR 1007-2(a)(8), to the best of my knowledge, there is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

13. Pursuant to LBR 1007-2(a)(9), the Debtor does not own any real property.

14. Pursuant to LBR 1007-2(a)(10), all of the corporate assets and books and records are located with the Debtor.

15. Pursuant to LBR 1007-2(a)(11), other than the Secured Creditor's demands for payment and the corresponding non-judicial foreclosure efforts taken by the Secured Creditor with regard to the membership interests in Gramercy Operating owned by the Debtor as described above, there are no pending or threatened actions or proceedings against the Debtor.

16. Pursuant to LBR 1007-2(a)(12), the Debtor's management consists of myself and Sam Suzuki.

17. Pursuant to LBR 1007-2(b)(1), the Debtor estimates that its gross payroll for employees exclusive of officers for the thirty (30) day period following the Petition Date will be $0.

18. Pursuant to LBR 1007-2(b)(2), the amount proposed to be paid for services for the thirty (30) day period following the Petition Date to the officers, directors, and stockholders is $0.

19. Pursuant to LBR 1007-2(b)(3), the Debtor does not anticipate that it will have any cash receipts during the thirty (30) day period following the Petition Date. The Debtor's expenses for the same period should be $0.

20. The Debtor believes that under the supervision of the Bankruptcy Court, it will be able to pay its creditors substantially more than they would receive if the Debtor went through a forced liquidation.

_____
ARNOLD CARIASO

Sworn to before me this
14th day of July, 2016

_____
ERIC C. ZABICKI
Notary Public, State of New York
No. 02ZA6078736
Qualified in New York County
Commission Expires August 5, 2018

4